[No. 9004.    Department One.    November 15, 1910.]

## J. M. SIMMONS *et al.*, *Appellants*, v. JESSIE MACOMBER *et al.*, *Respondents.*[1]

CANCELLATION OF INSTRUMENTS—DEEDS — MUTUAL MISTAKE — ESTOPPEL. Where a father, after conveying a life estate, deeded the reversion in consideration of an agreement that the grantees should care for and educate his three infant children until they became eighteen years of age, and the grantees failed to care for the children, but allowed the life tenants to perform the consideration and treat the land as their own for sixteen years, and then agreed to and participated in a different testamentary disposition of the property by the life tenants, they cannot claim a mutual mistake and want of consideration in agreeing to such testamentary disposition because of representations by the life tenants to the effect that the first deed conveying a life estate was lost and that the life tenants had since acquired the fee simple title.

WILLS — TESTAMENTARY DISPOSITION — DEEDS — CONSTRUCTION. Where old people called their children together and the parties agreed upon a division of the real property, deeded to the children with a life estate reserved, the deeds being delivered to the county auditor to be recorded after the grantors' deaths, and, at the same time, the grantees in one of the deeds made a deed of a certain tract to three grandchildren of the old people, at their request, containing a proviso "that this deed shall be void and of no effect until our death," the transaction amounts to a testamentary disposition by the old people, and not by the grantors in the last deed.

WILLS—TESTAMENTARY DISPOSITION—DEEDS—RECALL. A change in the custody of such deeds, from the county auditor to a son of the grantors, does not amount to a recall of the deeds.

DEEDS—DELIVERY. The delivery of the last mentioned deed in favor of the grandchildren to the grandparents, at whose request it was made, is in effect a delivery to the grandchildren.

[1] Reported in 111 Pac. 579.

CANCELLATION OF INSTRUMENTS—ACTIONS—DISMISSAL — EFFECT — QUIETING TITLE. The dismissal, on the merits, of an action to cancel a deed has the effect of quieting the title of the defendants.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 7, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in an action to vacate a deed. Affirmed.

*W. H. Abel,* for appellants, contended, among other things, that the deed is testamentary in character and subject to revocation. 2 Devlin Deeds, § 854; *Noble v. Tipton,* 219 Ill. 182, 76 N. E. 151, 3 L. R. A. (N. S.) 645; *McGarrigle v. Roman Catholic Orphan Asylum,* 145 Cal. 694, 79 Pac. 447, 104 Am. St. 84, 1 L. R. A. (N. S.) 315; *Murphy v. Gabbert,* 166 Mo. 596, 66 S. W. 536, 89 Am. St. 733; *Pinkham v. Pinkham,* 55 Neb. 729, 76 N. W. 411; *Sperber v. Balster,* 66 Ga. 317; *Cunningham v. Davis,* 62 Miss. 366; *Sappingfield v. King,* 49 Ore. 102, 89 Pac. 142, 90 Pac. 150, 8 L. R. A. (N. S.) 1066; *Schuffert v. Grote,* 88 Mich. 650, 50 N. W. 657, 26 Am. St. 316; *Leaver v. Gauss,* 62 Iowa 314, 17 N. W. 522; *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306; *Coulter v. Shelmadine,* 204 Pa. 120, 53 Atl. 638; *Hazleton v. Reed,* 46 Kan. 73, 26 Pac. 450, 26 Am. St. 86; *Carlton v. Cameron,* 54 Tex. 72, 38 Am. Rep. 620; *Donald v. Nesbit,* 89 Ga. 290, 15 S. E. 367. The mutual mistake as to the ownership warrants appropriate equitable relief. 20 Ency. Plead. & Prac., 813-819; 9 Cyc. 401; 1 Story, Equity Jurisprudence, §§ 121-2-3, 130, 131; Sugden, Vendors (8th Am. ed.), pp. 533 *et seq.; Bingham v. Bingham,* 1 Ves. Sr. 126; *Martin v. Bennett,* 8 Paige Ch. 311; *Willan v. Willan,* 16 Ves. Jr. 72; *Cooper v. Phibbs,* L. R., 2 H. L. 149, 16 L. T. 678; *Griffith v. County of Sebastian,* 49 Ark 24, 3 S. W. 886; *Jordan v. Stevens,* 51 Me. 78, 81 Am. Dec. 556; *Stewart v. Stewart,* 6 Clark & F. 911; *Martin v. McCormick,* 8 N. Y. 331; *Hitchcock v. Giddings,* 4 Price (Eng. Ex.) 135; *Lawrence v. Beau-*

*bien*, 2 Bailey (S. C.) 623, 23 Am. Dec. 155; *Morgan v. Dod*, 3 Colo. 551; *Goettel v. Sage*, 117 Pa. St. 298, 10 Atl. 889. A contract will not be enforced when it is based upon the supposed existence of a certain fact which does not exist. Bishop, Contracts, § 588; 1 Page, Contracts, § 72; *United States v. Charles*, 74 Fed. 142; *Rogers v. Walsh*, 12 Neb. 28, 10 N. W. 467; *Fink v. Smith*, 170 Pa. 124, 32 Atl. 566, 50 Am. St. 750; *Gibson v. Pelkie*, 37 Mich. 379; *Riegel v. American Life Ins. Co.*, 153 Pa. 134, 25 Atl. 1070, 19 L. R. A. 166; *Allen v. Hammond*, 11 Pet. 63; *Sherwood v. Walker*, 66 Mich. 568, 33 N. W. 919, 11 Am. St. 531; *Martin v. McCormick, supra; Whelen's Appeal*, 70 Pa. St. 410; *Dill v. Shahan*, 25 Ala. 694, 60 Am. Dec. 540; *Alabama etc. R. Co. v. Jones*, 73 Miss. 110, 19 South. 105, 55 Am. St. 488, and note; *Underwood v. Brockman*, 4 Dana 309, 29 Am. Dec. 407. Where a mistake is coupled with fraud, or inequitable conduct on part of other party, equity will relieve. *Williams v. Hamilton*, 104 Iowa 423, 73 N. W. 1029, 65 Am. St. 475; *Allen v. Hammond, supra; Adams v. Washington Brick, Lime & Mfg. Co.*, 38 Wash. 243, 80 Pac. 446. Even a mistake of law under the conditions existing in this case, is sufficient in equity to cancel the deed. 2 Pomeroy, Equity Jurisprudence, §§ 841-853; *Hunt v. Rhodes*, 1 Pet. 1, 15; *Bank of United States v. Daniel*, 12 Pet. 32; *Toland v. Corey*, 6 Utah 392, 24 Pac. 190; *Page v. Higgins*, 150 Mass. 27, 22 N. E. 63, 5 L. R. A. 152, 155, and note; *German Fire Ins. Co. v. Gueck*, 130 Ill. 345, 23 N. E. 112, 6 L. R. A. 835, and note; *Jordan v. Stevens, supra; Griffith v. Townley*, 13 Mo. 22, 33 Am. Rep. 476; *Renard v. Clink*, 91 Mich. 1, 51 N. W. 692, 30 Am. St. 458; *Blakemore v. Blakemore*, 19 Ky. Law 1619, 44 S. W. 96; *Castleman v. Castleman*, 184 Mo. 432, 83 S. W. 757; *Ross v. Armstrong*, 25 Tex. (Supp.) 354, 78 Am. Dec. 574; *Duncan v. New York Mutual Ins. Co.*, 138 N. Y. 88, 33 N. E. 730, 20 L. R. A. 386; *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614. There is no delivery to the

grantee where the deed is given to a third person for safe keeping. 1 Devlin, Deeds, § 279a; 13 Cyc. 566; *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500; *Cannon v. Cannon,* 26 N. J. Eq. 316; *Elsey v. Metcalf,* 1 Den. 323; *Perkins v. Thompson,* 123 N. C. 175, 31 S. E. 387; *Carr v. Hoxie,* 5 Fed. Case, No. 2,438; *Spacy v. Ritter,* 214 Ill. 266, 73 N. E. 447; *Emmons v. Harding,* 162 Ind. 154, 70 N. E. 142; *Mudd v. Dillon,* 166 Mo. 110, 65 S. W. 973; *Stockwell v. Williams,* 68 N. H. 75, 41 Atl. 973; *Peck v. Rees,* 7 Utah 467, 27 Pac. 581, 13 L. R. A. 714; *O'Connor v. O'Connor,* 100 Iowa 476, 69 N. W. 676; *Porter v. Woodhouse,* 59 Conn. 568, 22 Atl. 299, 21 Am. St. 131, 13 L. R. A. 64; *Fitch v. Bunch,* 30 Cal. 209; *Bank of Healdsburg v. Bailhache,* 65 Cal. 327, 4 Pac. 106; *Munro v. Bowles,* 187 Ill. 346, 58 N. E. 331, 54 L. R. A. 865, note; *Maynard v. Maynard,* 10 Mass. 456, 6 Am. Dec. 146; *Bettinger v. Van Alstyne,* 29 N. Y. Supp. 904; *Weber v. Christen,* 121 Ill. 91, 11 N. E. 893, 2 Am. St. 68. Delivery is only complete when the deed is accepted. 13 Cyc. 570; *Stallings v. Newton,* 110 Ga. 875, 36 S. E. 227; *Brown v. Brown,* 167 Ill. 631, 47 N. E. 1046; *Meigs v. Dexter,* 172 Mass. 217, 52 N. E. 75; *Pratt v. Griffin,* 184 Ill. 514, 56 N. E. 819; *Knox v. Clark,* 15 Colo. App. 356, 62 Pac. 334; Ballard, Law of Real Property, §§ 133-137.

*Forney & Ponder,* for respondents, contended, among other things, that the deed was a grant *in praesenti,* and not of testamentary character. *Wilson v. Carrico,* 140 Ind. 533, 40 N. E. 50, 49 Am. St. 213; *Owen v. Williams,* 114 Ind. 179, 15 N. E. 678; *White v. Hopkins,* 80 Ga. 154, 4 S. E. 863; *Bunch v. Nicks,* 50 Ark. 367, 7 S. W. 563; *Wyman v. Brown,* 50 Me. 139; *Abbott v. Holway,* 72 Me. 298; *Shackelton v. Sebree,* 86 Ill. 616; *Latimer v. Latimer,* 174 Ill. 418, 51 N. E. 548; *Lauck v. Logan,* 45 W. Va. 251, 31 S. E. 986; *West v. Wright,* 115 Ga. 277, 41 S. E. 602; *Abney v. Moore,* 106 Ala. 131, 18 South. 60; *Hunt v. Hunt,* 119 Ky. 39, 82 S. W. 998, 68 L. R. A. 180; *Phillips v. Thomas Lum-*

*ber Co.*, 94 Ky. 445, 22 S. W. 652, 42 Am. St. 367; *Rawlings v. McRoberts*, 95 Ky. 346, 25 S. W. 601; *Merck v. Merck*, 83 S. C. 329, 65 S. E. 347; *Nolan v. Otney*, 75 Kan. 311, 89 Pac. 690; *Pentico v. Hays*, 75 Kan. 76, 88 Pac. 738, 9 L. R. A. (N. S.) 224; *Brady v. Fuller*, 78 Kan. 448, 96 Pac. 854; *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, 78 Am. St. 334, 48 L. R. A. 257; *Rogers v. Rogers* (Miss.), 43 South. 434; *McIntyre v. McIntyre's Estate*, 156 Mich. 240, 120 N. W. 587; *Lefebure v. Lefebure* (Iowa), 121 N. W. 1025; *Dick v. Miller*, 150 N. C. 63, 63 S. E. 176; *Dexter v. Witte*, 138 Wis. 74, 119 N. W. 891; *Garrison v. McLean* (Tex.), 112 S. W. 773; *Grilley v. Atkins*, 78 Conn. 380, 62 Atl. 337, 112 Am. St. 152, 4 L. R. A. (N. S.) 816.

MOUNT, J.—This action was brought by the appellants to set aside a deed to certain real estate, on the grounds of want of consideration, mistake, and fraud. The respondents denied the allegations upon which the complaint sought to avoid the deed, and by cross-complaint sought to quiet title. The trial court, after hearing the evidence, denied the relief prayed for by the complaint, and granted the prayer of the defendants. The plaintiffs have appealed.

It appears that, in the year 1891, Isaac Calvin Garrard owned the land in controversy. At that time there was a mortgage upon the land for $1,000. He had three infant children, who are now the respondents in this case. Desiring to pay the debt owing upon his land and at the same time provide for the support and education of his three minor children, he deeded the land in controversy to his father and mother, James A. Garrard and Hannah Garrard, during their natural lives, with the remainder to his sister and brother-in-law, Mary Eliza Simmons and J. M. Simmons, the appellants here. The expressed consideration in this deed was $5,000, but the actual consideration was the assumption by the father of the mortgage debt of $1,000 owing upon the land, and the support, education, and care of the three minor children

by appellants until the children should arrive at the age of eighteen years. Upon the execution of this deed, James A. Garrard and Hannah Garrard went into possession of the property. They afterwards paid the debt, and the appellants took the children to care for them. It appears that the appellants did not get along well with the three minor children, and that, long before they arrived at the age of eighteen years, they were taken and cared for by their grandfather and grandmother, James A. Garrard and Hannah Garrard, until they were able to care for themselves. In the meantime James A. Garrard and Hannah Garrard had remained in possession of the land, and had treated it as their own. They sold timber therefrom and conveyed away portions of the land. The deed from Isaac Calvin Garrard had not been recorded. It was supposed to be lost, and appellants testified that James A. Garrard during his lifetime said that he had obtained a new deed from his son Isaac Calvin Garrard.

In the year 1905, James A. Garrard and Hannah Garrard, being then quite old and desiring to dispose of their real estate by deed among their three children, Isaac Calvin Garrard, Ed. Garrard, and Mary Eliza Simmons (the last named being one of the appellants), called the said children together and informed them of such intention. It appears that a satisfactory division was agreed upon, and a deed was executed by which James A. Garrard and Hannah Garrard conveyed all their real estate to the three children above named. This deed reserved a life estate in the grantors, and it was agreed that the deed should be left with the county auditor of Lewis county, and not recorded until the death of the grantors. At the time this deed was made and as a part of the same transaction, the deed in controversy was made. The appellants, at the request of James A. Garrard and wife, executed a deed conveying the land in controversy to respondents. The deed recited:

"The interest of the parties of the second part in and to the above described property to be as follows: To Jessie

Macomber or her children (but not her present husband) an undivided one-fourth interest; to Myrtle Macomber, an undivided one-half interest (in the event of her death to go to her heirs); to Henry Garrard or his heirs, an undivided one-fourth interest. Disposition of this property being made according to the wishes of James A. Garrard and Hannah Garrard his wife; Provided this deed shall be void and of no effect until our death."

This deed was executed by the appellants and delivered to James A. Garrard, to be sent to the county auditor, but not recorded until the death of James A. Garrard and Hannah Garrard. At the same time James A. Garrard and Hannah Garrard executed a deed conveying the same property to the appellants, "in trust during the lifetime of said parties of the second part, and to be by them conveyed to Jessie Macomber, Henry Garrard and Myrtle Macomber, or their heirs, at the death of the parties of the second part." This deed was also, at the request of James A. and Hannah Garrard, to be delivered to the county auditor and not recorded until the death of James A. and Hannah Garrard. After this transaction, Isaac Calvin Garrard, the father of these respondents, sold to the appellants his interest in his father's estate for $1,500, and took a mortgage on the land in controversy to secure the payment. This mortgage was afterwards paid by the appellants and satisfied. After these instruments were made and delivered to the county auditor to be held until the death of the older Garrards, it was discovered that the deed from Isaac Calvin Garrard had never been recorded. The deed was subsequently found and placed of record. The deeds placed with the county auditor in 1905 were recalled by James A. Garrard and placed in the hands of his son Ed. Garrard, named as executor of the will disposing of his personal estate; and after the death of the old people, these deeds were all placed of record. Some later deeds were made by the older Garrards during their lifetime, but we find nothing to indicate a new or changed disposition of the property in dispute.

It is argued by the appellants, (1) that the deed in question is testamentary in character, and therefore subject to revocation by the grantors; (2) that the deed was executed under a mutual mistake as to the title of the grantors; (3) that there was no consideration for the deed and no delivery thereof; and (4) that the respondents were not entitled to affirmative relief. A number of cases are cited by the appellants to the effect that a deed delivered to a custodian to be delivered after the death of a grantor passes no present interest in real estate and may be recalled. Many cases are cited by the respondents to the effect that with a clause in a deed limiting the conveyance to a period commencing after the death of the grantor, where there are also words of grant *in praesenti*, the deed should be construed as a conveyance of a present interest with the reservation of a life estate. It is conceded that the authorities are in conflict upon this question. It is not necessary, however, in this case to follow either rule strictly, for it may be conceded, for the purposes of this case, that a deed testamentary in character may be revoked by such testamentary grantor at any time before his death. The deed in question, upon its face, is somewhat ambiguous, for it grants a present interest, and recites: "The disposition of this property being made according to the wishes of James A. Garrard and Hannah Garrard, his wife; Provided this deed shall be void and of no effect until our death." At the time this deed was made, it was supposed by all the interested parties that James A. and Hannah Garrard were the owners of the fee. They were in possession, and for sixteen years had treated the land as their own. Their children, including these appellants, so treated and considered them such owners. James A. and Hannah Garrard were attempting to divide all their real estate equally between their three children. They desired to give the land in dispute to these appellants during their lifetime, with the remainder to their three grandchildren, these respondents. They went before a notary public and explained their desires, with the re-

sult that the land was deeded by James A. and Hannah Gar-
rard to the appellants "in trust during the lifetime of said
parties of the second part [appellants] to be by them con-
veyed to Jessie Macomber, Henry Garrard and Myrtle Ma-
comber, or their heirs, at the death of the parties of the second
part." It seems clear, therefore, that the testamentary dis-
position was being made by James A. and Hannah Garrard,
and not by these appellants. These appellants made the
deed at the request of their father and mother, and in con-
sideration that a life estate should be reconveyed to appel-
lants. The deeds upon their face show this, as well as the
circumstances surrounding the transaction.

It was testified by the appellants that, in order to induce
them to make the deed in question, the old gentleman Garrard
said that he had lost the deed by which his son Isaac had con-
veyed the property to him, and that he had a new deed which
gave him the fee; and that the appellants thinking ( the deed
being lost), their title was lost, and not knowing at that time
that they were by such deed the owners of the fee, and not be-
ing informed thereof until afterwards when the lost deed was
found and placed of record, they were thereby fraudulently
induced to execute the deed in question. In view of the fact
that the appellants had failed to care for the children of
Isaac Gerrard during their infancy, and thus pay the con-
sideration for the deed, and in view of the fact that James A.
and Hannah Garrard, the grandparents of the minors, had
taken the children and cared for them during their infancy
and had paid the whole consideration for the property, and
in addition had occupied the property and had claimed to
own it, and had treated it as their own, and that appellants
knew these facts and made no claim to the property, and did
not attempt to avoid the deed in question during the lifetime
of James A. and Hannah Garrard, the trial court properly,
we think, gave little weight to the testimony relating to the
lack of knowledge of the true state of appellants' title. We
think the facts and circumstances in evidence in the case show

that there was no testamentary disposition of the property in dispute by the appellants, but such disposition was being made by James A. and Hannah Garrard, who never attempted to recall the deed. It is true that, at his request, the custody of the deed was changed from the county auditor to his son "Ed," who was named as executor of the will disposing of his personal estate. But there is no evidence to show that the old gentleman desired to change or recall the deeds disposing of the property in question.

What we have said above disposes of the question of mutual mistake and consideration. It is argued that there was no delivery of the deed which is sought to be set aside. When this deed was executed, it was delivered to James A. Garrard, at whose instance it was prepared. It is true it was not delivered to the grantees, but it was delivered to the old gentleman for them. Appellants claim the delivery was to the old gentleman as their agent, and not as agent of the respondents; but the circumstances indicate that he was solicitous for the respondents, and was acting for their interests, and when the deed was delivered to him it was, in effect, a delivery to the respondents.

It is also argued that the court erred in granting affirmative relief. The dismissal of the action would, in effect, quiet title as against the claims of appellants, and hence it was not error to adjudge the same relief affirmatively.

Finding no error in the record, the judgment is affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.